IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| STEVE RICHARDSON, ) | |
| Register No. 55320, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-4160-CV-C-NKL |
| ) | |
| KENNETH CONNELL, Automotive ) | |
| Teacher III, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT, RECOMMENDATION AND ORDER**

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seeks monetary and injunctive relief, pursuant to 42 U.S.C. § 1983. Named defendants, employed at Algoa Correctional Center (ACC), are Kenneth Connell, Automotive Teacher III; Steve McClane, Fire and Safety Inspector; Gary Allan, Assistant Superintendent; Penny Nevins, Functional Unit Manager; Michael Murphy, Superintendent; and Randee Kaiser, Director of Rehabilitative Services. Also named are Missouri Department of Corrections; Correctional Medical Services (CMS) and CMS employees Candace Palmer, R.N., Director of Nursing; Kim Coulson, R.N., Administrator; Jewel Cofield, Regional Administrator; and Dr. Elizabeth Conley, Regional Medical Director.

Plaintiff alleges that on May 18, 2004, defendant Connell knowingly and maliciously ordered plaintiff and eight other offenders to remove an engine, by hand, without the use of a hoist, from the back of a state perimeter vehicle. Plaintiff alleges that the engine slid and fell on his right hand, seriously injuring it. Plaintiff alleges that following the accident he was taken to Capital Region Hospital where a plastic surgeon performed surgery on his hand and index finger. Plaintiff alleges that, subsequently, upon being returned to the institution

from the hospital, ACC staff denied him the medical treatment (physical therapy) prescribed by the plastic surgeon.  Plaintiff alleges that not until the end of July 2004 was he taken to a physical therapist.  Plaintiff alleges that defendants' delay in getting him physical therapy has resulted in permanent physical injury to his hand and fingers which requires additional surgeries.  Plaintiff alleges that the actions of defendants constituted deliberate indifference to his health and safety.  Plaintiff further alleges that defendants' actions constituted violation of his state rights, including negligence and malpractice.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs.  28 U.S.C. § 1915(a).  Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).  Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a).  The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

The Eleventh Amendment to the United States Constitution prohibits suits for damages against the state, agencies of the state or state officials acting in their official capacity.  *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1989).  Therefore, plaintiff's claims against the Missouri Department of Corrections should be dismissed for failure to state a claim on which relief may be granted.

Although plaintiff's allegations against the remaining defendants may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage.

The Prison Litigation Reform Act of 1995 requires inmates to pay the full filing fee when bringing a civil case or filing an appeal in forma pauperis.  28 U.S.C. § 1915 (as amended Apr. 26, 1996).  The records available to the court indicate plaintiff is capable of

paying an initial partial filing fee of $10.64.[1]  Plaintiff should contact prison officials to have the initial payment processed.  In the future, prison officials will withdraw funds from plaintiff's account and forward them to the court, until the filing fee is paid.  If plaintiff fails to pay the filing fee, his claims may be dismissed for failure to comply with court orders.  Fed. R. Civ. P. 41(b).

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed.  Reply suggestions should be filed within twelve days after the suggestions in opposition are filed.  In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions.  Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule.  Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response.  Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

Plaintiff's complaint also requested appointment of counsel.  There exists no statutory or constitutional right for an indigent to have counsel appointed in a civil action for damages.  *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985); *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1980) (per curiam).  Rather, "[i]n civil rights matters the court *may* pursuant to [28 U.S.C. § 1915(e)], 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a 'request.'"  *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982).

---

[1] The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."  The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."  28 U.S.C. § 1915 (as amended Apr. 26, 1996).  If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

3

The trial court must exercise "'a reasoned and well-informed discretion'" in deciding whether to appoint counsel. *Sours v. Norris*, 782 F.2d 106, 107 (8th Cir. 1986) (citation omitted).

The factors to consider in determining whether or not to appoint counsel have been articulated as follows:

> Foremost among the 'certain factors' that an appointing court must consider is an analysis of the merits of the indigent litigant's claims from both a factual and legal standpoint. [It is] clear that a court need not appoint counsel when it considers the indigent's chances of success to be extremely slim. In addition to the merits of a case, a court may consider any of a number of factors. Among these factors are the complexity of the legal issue presented and the capability of the litigant to recognize and present the issues, the complexity and conflicting nature of the facts, the ability of the litigant to investigate his case, and the relative substantive value of the claims presented.

*Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir. 1982) (citations omitted). *See also Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992); *Johnson v. Williams*, 788 F.2d 1319 (8th Cir. 1986).

Some of the problems inherent in the appointment of counsel in pro se civil cases brought by indigent litigants were discussed by this court in *Ferguson v. Fleck*, 480 F. Supp. 219 (W.D. Mo. 1979) at page 222:

> The Eighth Circuit has ruled that members of the Federal Bar should expect such appointments, on an infrequent basis . . . . Recognizing the time-consuming burdens undertaken by attorneys prosecuting Federal civil litigation, and the problems which would be invited if all colorable claims of indigents were automatically referred to appointed counsel, a troublesome issue of selectivity is imposed on the courts. Care must be exercised to avoid altering the practice of infrequently asking lawyers to serve in civil matters, an assumption underlying the *Peterson* decision. Meritorious claims, however, would generally benefit from the assistance of counsel, but the court has few facilities permitting a forecast of substantial merit.

This court has followed a liberal policy of appointing counsel in civil actions brought by prisoners in nonfrivolous cases. *Green v. Wyrick*, 428 F. Supp. 732, 741 (W.D. Mo. 1976).

Although the court does have the inherent power to appoint counsel in limited circumstances, the United States Supreme Court has held that "[28 U.S.C.] § 1915(d) [now

4

(e)] does not authorize the federal courts to make coercive appointments of counsel." *Mallard v. United States Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 310 (1989).

The issues in plaintiff's complaint are not complex and at this stage in the proceedings, the court does not deem it necessary to appoint counsel. Plaintiff's claims are yet subject to challenge by dispositive motions. After the parties have had an opportunity to file the appropriate motions and the court has ruled on said motions, plaintiff may again request appointment of counsel.

IT IS, THEREFORE, ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice. It is further

ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915. It is further

ORDERED that within thirty days, plaintiff pay $10.64 in partial payment of the $250.00 filing fee. It is further

ORDERED that within thirty days, the Attorney General of Missouri and Correctional Medical Services notify the court, in writing, for which defendants they will and will not waive service of process. It is further

ORDERED that defendants answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration. It is further

RECOMMENDED that plaintiff's claims against Missouri Department of Corrections be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

5

Dated this 6th day of July, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

6