IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| STEVE RICHARDSON, ) | | |
| Register No. 55320, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 05-4160-CV-C-NKL | |
| ) | | |
| KENNETH CONNELL, Automotive ) | | |
| Teacher III, et al., ) | | |
| ) | | |
| Defendants. ) | | |

**REPORT, RECOMMENDATION AND ORDER**

Plaintiff, an inmate formerly confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On August 18, 2005, defendants Correctional Medical Services, Palmer, Coulson, Cofield and Conley filed a motion to dismiss plaintiff's state law negligence and malpractice claims for failure to file the affidavit required by Mo. Ann. Stat. § 538.225 (West 2000). In response, plaintiff asserts he was unaware of the requirement, the requirement may be unconstitutional when applied to inmates, and if an affidavit is required, he should be given ninety days after his release to obtain and file such an affidavit.

Section 538.225 permits the court, for good cause shown, to extend the time for filing an affidavit. It also permits the court to dismiss the action, without prejudice, if the affidavit is not filed. In some instances, an affidavit may be obtained by having a legally qualified health care provider review the medical records and render an opinion after obtaining information from the plaintiff or his attorney. Plaintiff has not indicated he has attempted to obtain the required affidavit and been unable to do so because of his former incarceration. He merely asserts incarceration as an excuse for not having done so.

In at least one unpublished case, the Eighth Circuit has held that a claim may be properly dismissed for an inmate's failure to comply with the Missouri statute requiring an affidavit. Moore v. Ernest-Jackson, 16 Fed. Appx. 517 (8th Cir. 2001). Plaintiff's constitutional argument is unsupported by case law.

Plaintiff has been under house arrest for approximately thirty days. His state law claims will be recommended dismissed for his failure to comply with the requirements of the statute. The court will reconsider the recommendation of dismissal, however, if plaintiff files the required affidavit within thirty days of the date of the recommendation.

On October 4, 2005, plaintiff filed a motion seeking a court order directing the Department of Corrections to provide him with priority mail envelopes. Defendants responded in opposition to the motion and plaintiff replied. Plaintiff noted in his reply that he was scheduled for release from incarceration and was going to be placed on house arrest parole at the end of October 2005. On October 26, 2005, plaintiff filed a change of address with the court. Accordingly, his request of October 4, 2005, is moot.

On October 21, 2005, plaintiff renewed his request for appointment of counsel. He indicated that while he is on house arrest he will not have access to a law library and that he has problems writing with his right hand because of the damage done to it. Plaintiff should continue to attempt to find counsel without court intervention, and should make inquiries to see what community legal resources he may access or obtain while on house arrest. After the pending motions to dismiss are ruled[1], and after plaintiff has further explored the options noted above, he may renew his request for appointment of counsel, if necessary. Accordingly, it is

ORDERED that plaintiff's motion of October 4, 2005, for an order directing the Department of Corrections to provide him with priority mail envelopes is denied as moot [21] It is further

ORDERED that plaintiff's motion of October 21, 2005, for appointment of counsel is denied, without prejudice [26]. It is further

---

[1] A second motion to dismiss was filed on October 28, 2005, and plaintiff has not responded to the motion within the time limits set by local rules.

2

ORDERED that plaintiff's request for an extension of time to file the affidavit is granted, in part, in that the court will reconsider the recommendation set forth below if plaintiff files the required affidavit within thirty days of the date of this report, recommendation and order [18].  It is further

ORDERED that within twenty days, plaintiff show cause, in writing, why defendants' motion of October 28, 2005, to dismiss should not be granted.  It is further

RECOMMENDED that defendants' motion of August 18, 2005, to dismiss plaintiff's state law negligence and malpractice claims for failure to comply with Missouri statutory requirements be granted, with dismissal to be without prejudice [14].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  If additional time is needed, a motion for an extension of time must be filed within twenty days.  The motion should state the reasons for the request.  See Nash v. Black, 781 F.2d 665, 667 (8th Cir. 1986) (citing Thomas v. Arn, 474 U.S. 140 (1985)); Messimer v. Lockhart, 702 F.2d 729 (8th Cir. 1983).  Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 30th day of November, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

3