IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| STEVE RICHARDSON, )<br>Register No. 55320, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KENNETH CONNELL, Automotive )<br>Teacher III, et al., )<br>)<br>Defendants. ) | | No. 05-4160-CV-C-NKL |

**REPORT AND RECOMMENDATION**

  Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

  On October 28, 2005, defendants Connell, McClane, Allan, Nevins, Murphy and Kaiser filed a motion to dismiss plaintiff's claims against them, citing failure to state a claim and to exhaust administrative remedies. On November 30, 2005, plaintiff was ordered to show cause why defendants' motion to dismiss should not be granted. Plaintiff has failed to file a response to the motion to dismiss and the order to show cause.

  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. *Hishon v. King and Spalding*, 467 U.S. 69, 73 (1984); *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir. 1993).

  Upon review of defendants' motion, this court finds that such motion appears to have merit and should be granted, in part. Plaintiff's claims against McClane, Allan, Nevins, Murphy and Kaiser are based upon these defendants' supervisory roles in relation to

defendant Connell, who is the defendant plaintiff alleges ordered him and eight other inmates to physically remove an engine from the rear of a state vehicle, without the assistance of a hoist, causing plaintiff to injure his hand.  A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions.  *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993); *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990).  Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation.  *Boyd*, 47 F.3d at 968; *Fruit v. Norris*, 905 F.2d 1147, 1151 (8th Cir. 1990).

Plaintiff's allegations against defendants McClane, Allan, Nevins, Murphy and Kaiser all relate to their alleged inactions subsequent to defendant Connell allegedly ordering plaintiff and eight other inmates to lift an engine in violation of safety standards.  These defendants were clearly not involved in ordering plaintiff to lift the engine (the action plaintiff alleges constituted deliberate indifference to his health and safety, in violation of the Eighth Amendment), and plaintiff does not allege they were aware of such actions at the time they occurred.  Therefore, these supervisory defendants could not have been directly involved or could not have tacitly authorized the violation of plaintiff's constitutional rights at the time such alleged violation occurred, and plaintiff's claims against these defendants should be dismissed.

As to defendant Connell, in taking the facts in the light most favorable to plaintiff, the court finds that plaintiff's allegations against defendant Connell are sufficient to state a claim at this stage in the proceedings; and defendant's motion to dismiss for failure to state a claim should be denied.

Plaintiff has further provided sufficient documentation that he has exhausted his administrative remedies as to defendant Connell, and therefore, such motion by Connell should be denied.  In light of this court's recommendation of dismissal as to defendants McClane, Allan, Nevins, Murphy and Kaiser for failure to state a claim, the court finds it unnecessary to address the exhaustion issue as to these defendants.

IT IS, THEREFORE, RECOMMENDED that the motion of defendants Connell, McClane, Allan, Nevins, Murphy, and Kaiser to dismiss be granted, in part, and denied, in part [30]. It is further

RECOMMENDED that plaintiff's claims against defendants McClane, Allan, Nevins, Murphy and Kaiser be dismissed, with prejudice, for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983. It is further

RECOMMENDED that defendant Connell's motion to dismiss for failure to state a claim and to exhaust administrative remedies be denied.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. *See* L.R. 74.1.

Dated this 30th day of January, 2006, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

3